UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS DANIEL EUGENE HALE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 1:16-CV-423-JRG-SKL |
| | ) |
| STATE OF TENNESSEE, UNITED STATES OF AMERICA, MELVIN TIRY, and DARREN L. SETTLES, | ) ) ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

The Court has before it a pro se state prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] and two motions for leave to proceed *in forma pauperis* [Docs. 2, 6]. Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), codified in scattered sections of Titles 11, 18, 28, and 42 of the United States Code, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). This is known as "the three strike rule." The only exception is if the prisoner is in "imminent danger of serious physical injury." *See id.* § 1915(g).

While incarcerated, Plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim. *See Hale v. Long*, No. 1:16-CV-1109 (W.D. Tenn. June 26, 2007) (order dismissing case for failure to state a claim); *Hale v. Long*, No. 1:95-CV-111 (M.D. Tenn. May 2, 1996) (order dismissing case as frivolous); *Hale v. Williams*, No. 1:94-CV-

145 (M.D. Tenn. Sept. 20, 1994) (order dismissing case as frivolous); *Hale v. Rhea*, No. 3:94-CV-812 (M.D. Tenn. Sept. 19, 1994) (order dismissing case as frivolous); *Hale v. Boyd*, No. 1:94-CV-141 (M.D. Tenn. Sept. 14, 1994) (order dismissing case as frivolous); *see also Hale v. Cook*, No. 1:16-CV-106 (E.D. Tenn. May 2, 2016) (order listing Plaintiff's § 1915(g) cases, denying him *in forma pauperis* status, and directing him to pay the full filing fee); *Hale v. Tenn.*, No. 1:16-CV-474 (E.D. Tenn. March 14, 2017) (same); *Hale v. Steele*, No. 3:12-CV-476 (M.D. Tenn. May 18, 2012) (same); *Hale v. NWCX*, No. 1:11-CV-1083 (W.D. Tenn. Dec. 28, 2011) (same).

Though Plaintiff's complaint is practically indecipherable, to the extent possible, the Court has reviewed it. As his complete statement of claims, Plaintiff alleges:

> "False imprisonment: Special housing unit for assisted living and deliberately indiffered [sic] and estoppel of private parcels. Racketeering Influences: Corrupt organizations Wrongful Death Since 1997 and still being 2016 even indirectly from system we went through even as I have been done and no token of appraisal and showing [sic] myself you all have done. Bribery from or on contruct [sic] signed w/ grievances filed in Nov. 28, 2014. On settlement."

[Doc. 1 at 4].

Clearly, even in the light most favorable to Plaintiff, none of these contentions could qualify for § 1915(g)'s "serious physical injury" exception. Therefore, Plaintiff's motions for leave to proceed *in forma pauperis* are **DENIED** [Docs. 2, 6]. In order to file this action, Plaintiff must pay the entire $400.00 filing fee within **thirty (30) days** from the date of this order. If Plaintiff fails to timely pay the filing fee, this case will be **DISMISSED** and, despite the dismissal of the case, he will be assessed the filing fee. *See*, *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that a prisoner's obligation to the filing fee arises when the complaint is delivered to the district court clerk); *id*. at 382 (explaining that "[t]he subsequent dismissal of the

2

action under § 1915(g) for failure to pay the fee does not negate or nullify the litigant's continuing obligation to pay the fee in full").

**IT IS SO ORDERED.**

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE