UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

THOMAS DANIEL EUGENE HALE, )
)
    Plaintiff, )
)
v. ) No.   1:16-CV-423-JRG-SKL
)
STATE OF TENNESSEE, UNITED )
STATES OF AMERICA, MELVIN )
TIRY, and DARREN L. SETTLES, )
)
    Defendants. )

## MEMORANDUM AND ORDER

Pro se prisoner, Thomas Daniel Eugene Hale ("Plaintiff") initiated this action on October 3, 2016 when he filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. Now before the Court is Plaintiff's motion to reconsider this Court's previous memorandum and order filed on July 24, 2017 [Doc. 8]. For the reasons that follow Plaintiff's motion will be denied.

### I.    LEGAL STANDARD

In accordance with its duty to liberally construe pro se plaintiff's pleadings and filings, the Court will construe Plaintiff's motion to reconsider as being a motion to reconsider pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Court has authority, both under common law and Rule 54(b), to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. *Rodriguez v. Tenn. Labors Health & Welfare Fund*, 89 Fed. App'x 949-959 (6th Cir. Feb. 6, 2004). This authority allows district courts "to afford such relief from [interlocutory orders] as justice requires." *Citibank (South Dakota), N.A. v. FDIC*, 857 F. Supp. 976, 981 (D.D.C. 1994); *see also Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998).

A motion to reconsider under Rule 54(b) may not "serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Grozdanich v. Leisure Hills Health Ctr., Inc.*, 48 F. Supp. 2d 885, 888 (D. Minn. 1999) (citation omitted); *see also Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the [original motion] . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.").

In the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case in a motion to reconsider pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), *rev'd on other grounds,* 989 F.2d 635 (3d Cir. 1993). A movant has no right to reconsideration of an interlocutory order simply because the movant makes the motion in good faith. *Rodriguez*, 89 Fed. App'x at 959.

## II. ANALYSIS

The Court has reviewed Plaintiff's motion to reconsider the memorandum and order filed on July 24, 2017 [Doc. 8] and finds that Plaintiff has failed to provide a legal basis upon which the Court may revisit its earlier ruling.

The Court's July 24, 2017 memorandum and order concluded that Plaintiff's claims were barred pursuant to the three-dismissal rule in 28 U.S.C. § 1915(g), which prohibits an inmate from bringing a new civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous. malicious, or failed to state a claim upon which relief may be granted[1] [Doc. 7]. In that previous order, the Court further found that none of the contentions set forth in Plaintiff's complaint could qualify for § 1915(g)'s "serious physical injury" exception [*Id*. at 2]. However, the Court allowed Plaintiff thirty days from the date of the memorandum and order to pay the entire $400.00 filing fee in order to proceed with the action [*Id*.].

On August 23, 2017, Plaintiff filed the instant motion for reconsideration [Doc. 8]. Plaintiff does not dispute that he has accumulated three strikes. Instead, Plaintiff argues that he is a mental health patient in segregation, and thus "the state is suppose[d] to pay for all legal affairs" because he is incapable of making decisions [*Id*. at 1].

The Court finds that Plaintiff does not provide a legal basis for it to revisit its July 24, 2017 order. As previously stated, a Rule 54(b) motion must be supported by a showing that a federal district court made an error, an intervening change of controlling law, or by newly discovered evidence. *Rodriguez,* 89 Fed. App'x at 959. Plaintiff's motion lacks any evidence to support a

---

[1] *See Hale v. Long*, No. 1:16-CV-1109 (W.D. Tenn. June 26, 2007) (order dismissing case for failure to state a claim); *Hale v. Long*, No. 1:95-CV-111 (M.D. Tenn. May 2, 1996) (order dismissing case as frivolous); *Hale v. Williams*, No. 1:94-CV-145 (M.D. Tenn. Sept. 20, 1994) (order dismissing case as frivolous); *Hale v. Rhea*, No. 3:94-CV-812 (M.D. Tenn. Sept. 19, 1994) (order dismissing case as frivolous); *Hale v. Boyd*, No. 1:94-CV-141 (M.D. Tenn. Sept. 14, 1994) (order dismissing case as frivolous); *see also Hale v. Cook*, No. 1:16-CV-106 (E.D. Tenn. May 2, 2016) (order listing Plaintiff's § 1915(g) cases, denying him *in forma pauperis* status, and directing him to pay the full filing fee); *Hale v. Tenn.*, No. 1:16-CV-474 (E.D. Tenn. March 14, 2017) (same); *Hale v. Steele*, No. 3:12-CV-476 (M.D. Tenn. May 18, 2012) (same); *Hale v. NWCX*, No. 1:11-CV-1083 (W.D. Tenn. Dec. 28, 2011) (same).

Rule 54(b) motion.  Insofar as Plaintiff argues that his allegations fall within the imminent-danger exception to the three-strikes rule, the Court finds that Plaintiff failed to provide any "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 Fed. Appx. 488, 492 (6th Cir. 2012).

### III. CONCLUSION

Based on the above analysis, this Court finds that Plaintiff's motion to reconsider [Doc. 8] is **DENIED**.  However, the Court will allow Plaintiff an additional **fourteen (14) days** to pay the entire $400.00 filing fee in order to proceed with this action.  If Plaintiff fails to timely pay the filing fee, this case will be **DISMISSED** and, despite the dismissal of the case, he will be assessed the filing fee.  *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that a prisoner's obligation to the filing fee arises when the complaint is delivered to the district court clerk); *id*. at 382 (explaining that "[t]he subsequent dismissal of the action under § 1915(g) for failure to pay the fee does not negate or nullify the litigant's continuing obligation to pay the fee in full").

**IT IS SO ORDERED.**

**ENTER:**

                                                     s/J. RONNIE GREER
                                         UNITED STATES DISTRICT JUDGE