UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| THOMAS DANIEL EUGENE HALE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 1:16-CV-423-JRG-SKL |
| STATE OF TENNESSEE, UNITED STATES OF AMERICA, MELVIN TIRY, and DARREN L. SETTLES, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Pro se prisoner, Thomas Daniel Eugene Hale ("Plaintiff") initiated this action on October 3, 2016 when he filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. On December 6, 2017, this Court entered an order denying Plaintiff's motion to reconsider the Court's previous order denying his motion to proceed *in forma pauperis* based on the three-dismissal rule in 28 U.S.C. § 1915(g)[1] [Doc. 9]. The Court allowed Plaintiff fourteen days to pay the entire $400.00 filing fee in order to proceed with this action [*Id.*]. Additionally, the Court advised Plaintiff that if he "fail[ed] to timely pay the filing fee, this case will be dismissed" for want of prosecution and failure to comply with orders of the Court [*Id.*].

More than fourteen days have passed, and Plaintiff has not paid the filing fee or filed any other response to the Court's order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules

---

[1] The three-dismissal rule in 28 U.S.C. § 1915(g) prohibits an inmate from bringing a new civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous. malicious, or failed to state a claim upon which relief may be granted.

or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

> The Court considers four factors when considering dismissal under Rule 41(b):
>
> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Despite receiving instruction from this Court to pay the full filing fee in order to proceed with his case, Plaintiff has failed to do so. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the Court finds that the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal; since defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff

has the ability to pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
